Ye v. Lynch

BIA
Poczter, IJ
A200 944 855

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT:
   ROBERT A. KATZMANN,
     *Chief Judge,*
   DENNY CHIN,
   RAYMOND J. LOHIER, JR.,
     *Circuit Judges.*

_____

XIANGQING YE,
   *Petitioner,*

   v.         13-3252
            NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*[*]

_____

FOR PETITIONER:   Jan Potemkin, New York, New York.

---

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; James A. Hurley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiangqing Ye, a native and citizen of China, seeks review of a July 26, 2013 order of the BIA, affirming the December 12, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiangqing Ye*, No. A200 944 855 (B.I.A. July 26, 2013), *aff'g* No. A200 944 855 (Immig. Ct. N.Y. City Dec. 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v.*

*Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Ye's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Ye contends that the credibility determination was improperly based on the omission from his application that the police had attempted to arrest him at home after he was released from custody. Although Ye argues that this omission is not an inconsistency, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166 n.3. Ye does not challenge the agency's finding that his explanations for this omission were themselves inconsistent and further buttressed the

3

credibility finding.  Nor does he challenge the agency's finding that this omission went to the heart of his claim. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005) (per curiam) (upholding adverse credibility determination where an omission was not "incidental or ancillary" but rather concerned an "essential factual allegation underlying petitioner's asylum claim").  He also does not challenge the agency's finding that his corroborating evidence failed to rehabilitate his credibility because his father's letter did not mention the police's visit and his sister was unaware of the incident. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (recognizing that an applicant's failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question).  He has therefore failed to demonstrate "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  As a result, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual

4

predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Ye's contention that he demonstrated a well-founded fear of future persecution based on his status as a practicing Catholic, regardless of whether he credibly established past persecution, is misplaced. *See Paul*, 444 F.3d at 156. In *Paul*, we held that the agency's determination that an applicant was not credible as to claims of past persecution did not preclude the applicant from demonstrating a well-founded fear of future persecution based on objective evidence, where the applicant had independently established that he was, in fact, a practicing Christian. 444 F.3d at 155-57. Unlike *Paul*, however, all of Ye's claims were dependent upon his credibility because the IJ did not separately find that he was a practicing Catholic.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk